NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0191n.06
Filed: March 11, 2009

No. 06-5941

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MUJAHID MUHAMMAD,

    Defendant-Appellant.

_____/

On Appeal from the United States District Court for the Western District of Tennessee

BEFORE:    RYAN, SILER, and GRIFFIN, Circuit Judges.

RYAN, Circuit Judge.    The defendant, Mujahid Muhammad, appeals the district court's denial of his motion to suppress the statements he made to a police officer after he was stopped outside an apartment building and then arrested. We conclude that the officer had reasonable suspicion to justify stopping Muhammad for a brief investigatory inquiry, and we will affirm the district court's refusal to suppress the statements.

**I.**

In the late morning of May 7, 2003, Officer Tommie Jones of the Memphis, Tennessee, Police Department received a call from the manager of Pershing Park Apartments asking him to investigate a group of young men who were loitering outside the apartment complex and playing loud music. Apartment residents had experienced trouble in the past with loitering and burglaries. Officer Jones and another officer responded to the call in separate vehicles.

As Officer Jones drove into the apartment complex, he saw three men standing near a car in the parking lot of the building. Jones parked his patrol car and instructed the men to stay where they were. Two complied, while the third, later identified as the defendant Muhammad, walked away from the group and towards the apartment building. Jones called out to Muhammad to remain where he was, but Muhammad did not respond. Instead, he walked to the building and entered a corridor where there was a stairwell.

From where Officer Jones was standing, he could see Muhammad through large glass windows. He watched Muhammad ascend the stairs, bend over, and then turn around and come back down the stairs, exit the building, and walk towards him. Officer Jones stopped Muhammad and then patted him down.

Jones then placed Muhammad in the back of the patrol car and went into the building and up the stairwell where he had seen Muhammad bend over. There, he found a .22 caliber pistol on the landing at the top of the stairs. The officer then returned to the patrol car and told Muhammad that he was going to issue him a citation for possessing the weapon. At this point, Officer Jones obtained a written release of rights from Muhammad and then questioned him about the firearm.

Muhammad admitted that the firearm was his and told Jones that he had a prior robbery conviction for which he had served four and a half years in prison. Since Muhammad was carrying some identification documents, Officer Jones did not take him to the police station, but instead issued Muhammad a misdemeanor citation for unlawful possession of a weapon in a public place and released him. Muhammad was later charged with being a felon in possession of a firearm and requested a jury trial.

Before trial, Muhammad moved to suppress the firearm discovered at the scene as well as the statements he made to the officer. The district court denied the motions and the case proceeded to trial. The jury convicted Muhammad of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the court sentenced him to 77 months' imprisonment. Muhammad then filed a timely appeal. He has now abandoned his challenge to the constitutionality of the seizure of the firearm, and seeks only suppression of the statements he made to Officer Jones. Muhammad argues that the initial stop violated his Fourth Amendment rights and that the statements he made should have been suppressed pursuant to the exclusionary rule.

## II.

We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Dotson, 49 F.3d 227, 229 (6th Cir. 1995). The issue whether a police officer had reasonable suspicion to make an investigatory stop is reviewed de novo. Ornelas v. U.S., 517 U.S. 690, 699 (1996).

Under the Fourth Amendment, in order to justify a brief investigatory stop, an officer must have a reasonable suspicion based on objective facts that the individual is engaged in criminal activity. Brown v. Texas, 443 U.S. 47, 51 (1979). We assess the reasonableness of an officer's suspicion based on a totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 230-31 (1983). An officer is entitled to rely upon his observations and may also draw upon his own experience and specialized training to make inferences and deductions about a subject's suspicious behavior. United States v. Cortez, 449 U.S. 411, 418 (1981).

## III.

The district court did not err in its conclusion that Officer Jones had a reasonable basis to suspect that Muhammad was involved in criminal activity, justifying a brief investigatory stop. First, Officer Jones was responding to the apartment manager's request to investigate the loitering group of men. Second, when Officer Jones approached the group to ask them questions, he saw Muhammad walk away and ignore his request to stop. While evasive behavior and refusal to answer police questions may not of themselves provide reasonable suspicion, Florida v. Royer, 460 U.S. 491, 497-98 (1983), such conduct is pertinent to an officer's decision whether to make an investigatory stop. Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000). Jones saw Muhammad enter the building, go up the stairs, bend over, return back downstairs towards him, and exit the building. From these actions, Jones inferred that Muhammad may be involved in criminal activity warranting a brief investigation. Jones therefore had a reasonable suspicion that criminal activity may be afoot and was justified in briefly detaining Muhammad, including placing him in the police car, in order to investigate what Muhammad was apparently attempting to hide.

Once the gun was discovered in the building of the place where Jones had seen Muhammad bend over, Jones clearly had sufficient reason to continue to hold Muhammad while issuing the citation, obtaining Muhammad's written waiver of his rights, and asking him questions about the firearm.

We conclude that the district court did not err in denying the motion to suppress Muhammad's inculpatory statements.

## IV.

For these reasons, we **AFFIRM** the district court's decision.